UNITED STATES DEPARTMENT OF COMMERCE
BUREAU OF EXPORT ADMINISTRATION
WASHINGTON, D.C. 20230

---

In the Matter of:                                          )
                                                           )
Yuri I. Montgomery,                                        )
   also known as Yuri I. Malinkovski                       )
518 Howard Avenue, N. E.                                   )
Olympia, Washington 98506                                  )
_____)

## ORDER DENYING EXPORT PRIVILEGES

On January 22, 1999, Yuri I. Montgomery, also known as Yuri I. Malinkovski (Montgomery) was convicted in the United States District Court for the District of Columbia of violating the International Emergency Economic Powers Act (50 U.S.C.A. §§ 1701-1706 (1991 & Supp. 2000)) (IEEPA) and the Export Administration Act of 1979, as amended (currently codified at 50 U.S.C.A. app. §§ 2401-2420 (1991 & Supp. 2000)) (the Act).[1] Specifically, Montgomery was convicted of knowingly and willfully exporting and causing the export of U.S.-origin stun guns to Macedonia and U.S.-origin laser gun sights to Slovenia without applying for and obtaining the required export licenses from the Department of Commerce, and of knowingly and willfully exporting and causing the export of U.S.-origin PAGST military helmets to Slovenia and U.S.-origin handcuffs, laser gun sights, and laser mountings to Macedonia without applying for and obtaining the required export licenses from the Department of Commerce.

---

[1] The Act expired on August 20, 1994. Executive Order 12924 (3 C.F.R., 1994 Comp. 917 (1995)), which has been extended by successive Presidential Notices, the most recent being that of August 3, 2000 (65 Fed. Reg. 48347, August 8, 2000), continued the Regulations in effect under the IEEPA.

2

Section 11(h) of the Act provides that, at the discretion of the Secretary of Commerce,[2] no person convicted of violating the IEEPA or the Act, or certain other provisions of the United States Code, shall be eligible to apply for or use any export license issued pursuant to, or provided by, the Act or the Export Administration Regulations (currently codified at 15 C.F.R. Parts 730-774 (2000), as amended (65 Fed. Reg. 14862, March 20, 2000)) (the Regulations), for a period of up to 10 years from the date of the conviction. In addition, any license issued pursuant to the Act in which such a person had any interest at the time of conviction may be revoked.

Pursuant to Sections 766.25 and 750.8(a) of the Regulations, upon notification that a person has been convicted of violating the IEEPA or the Act, the Director, Office of Exporter Services, in consultation with the Director, Office of Export Enforcement, shall determine whether to deny that person's export privileges for a period of up to 10 years from the date of conviction and shall also determine whether to revoke any license previously issued to such a person.

Having received notice of Montgomery's conviction for violating the IEEPA and the Act, and after providing notice and an opportunity for Montgomery to make a written submission to the Bureau of Export Administration before issuing an Order denying his export privileges, as provided in Section 766.25 of the Regulations, I, following consultations with the Director, Office of Export Enforcement, have decided to deny Montgomery's export privileges for a period of 10 years from the date of his conviction. The 10-year period ends on January 22, 2009. I have

---

[2] Pursuant to appropriate delegations of authority that are reflected in the Regulations, the Director, Office of Exporter Services, in consultation with the Director, Office of Export Enforcement, exercises the authority granted to the Secretary by Section 11(h) of the Act.

also decided to revoke all licenses issued pursuant to the Act in which Montgomery had an interest at the time of his conviction.

Accordingly, it is hereby

ORDERED

I.      Until January 22, 2009, Yuri I. Montgomery, also known as Yuri I. Malinkovski 518 Howard Avenue, N. E., Olympia, Washington 98506, may not, directly or indirectly, participate in any way in any transaction involving any commodity, software or technology (hereinafter collectively referred to as "item") exported or to be exported from the United States, that is subject to the Regulations, or in any other activity subject to the Regulations, including, but not limited to:

   A.   Applying for, obtaining, or using any license, License Exception, or export control document;

   B.   Carrying on negotiations concerning, or ordering, buying, receiving, using, selling, delivering, storing, disposing of, forwarding, transporting, financing, or otherwise servicing in any way, any transaction involving any item exported or to be exported from the United States that is subject to the Regulations, or in any other activity subject to the Regulations; or

   C.   Benefiting in any way from any transaction involving any item exported or to be exported from the United States that is subject to the Regulations, or in any other activity subject to the Regulations.

II.     No person may, directly or indirectly, do any of the following:

4

A. Export or reexport to or on behalf of the denied person any item subject to the Regulations;

B. Take any action that facilitates the acquisition or attempted acquisition by the denied person of the ownership, possession, or control of any item subject to the Regulations that has been or will be exported from the United States, including financing or other support activities related to a transaction whereby the denied person acquires or attempts to acquire such ownership, possession or control;

C. Take any action to acquire from or to facilitate the acquisition or attempted acquisition from the denied person of any item subject to the Regulations that has been exported from the United States;

D. Obtain from the denied person in the United States any item subject to the Regulations with knowledge or reason to know that the item will be, or is intended to be, exported from the United States; or

E. Engage in any transaction to service any item subject to the Regulations that has been or will be exported from the United States and which is owned, possessed or controlled by the denied person, or service any item, of whatever origin, that is owned, possessed or controlled by the denied person if such service involves the use of any item subject to the Regulations that has been or will be exported from the United States. For purposes of this paragraph, servicing means installation, maintenance, repair, modification or testing.

III. After notice and opportunity for comment as provided in Section 766.23 of the Regulations, any person, firm, corporation, or business organization related to Montgomery by

5

affiliation, ownership, control, or position of responsibility in the conduct of trade or related services may also be subject to the provisions of this Order.

IV. This Order does not prohibit any export, reexport, or other transaction subject to the Regulations where the only items involved that are subject to the Regulations are the foreign-produced direct product of U.S.-origin technology.

V. This Order is effective immediately and shall remain in effect until January 22, 2009.

VI. In accordance with Part 756 of the Regulations, Montgomery may file an appeal from this Order with the Under Secretary for Export Administration. The appeal must be filed within 45 days from the date of this Order and must comply with the provisions of Part 756 of the Regulations.

VII. A copy of this Order shall be delivered to Montgomery. This Order shall be published in the Federal Register.

Date: 9/11/00

Eileen M. Albanese
Director
Office of Exporter Services