UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :

    v.                                :  Crim. No. 05-248M-01

YURI I. MONTGOMERY                :

## MOTION TO APPROVE TRAVEL

COMES NOW Yuri I. Montgomery, through undersigned counsel, Stephen F. Brennwald, and in support of his Motion to Approve Travel, states as follows:

1. Defendant is charged with violating an order issued by the Department of Commerce denying him export privileges for ten years.

2. The defendant's mother passed away almost a year ago. In late August 2005 or early September 2005, in Macedonia, the defendant's mother's casket will be raised out of the grave for a traditional ceremony conducted by an Orthodox priest.

3. It is extremely important that the defendant attend that service.

4. The service will take place on a Saturday – either the last Saturday in August, or the first Saturday in September, depending on the availability of a priest.

5. The defendant and his family will be extremely disappointed, to say the least, if he is not able to attend this service.

6. The defendant was required to surrender his passport when he was arrested in this matter. In fact, the defendant surrendered both his Macedonian passport and his United States passport.

7. In order to travel to Macedonia, he would need to have one of those passports returned to him for a period of two weeks or less.

8. The defendant has significant ties to this country. First, he is a U.S. citizen. Second, his wife and child live here with him. Third, he left Macedonia years ago to make a life for himself in the United States, and has now lived here twenty-four years. Fourth, while the charge the defendant is facing carries up to ten years in prison, in reality, the guideline range is much lower, on the order of one to two years. There is, therefore, no incentive for Mr. Montgomery to flee this jurisdiction. In addition, Mr. Montgomery's wife is an SES-level United States government official with the EPA. His son will be a senior in high-school. Thus, the risk of flight is non-existent.

9. Mr. Montgomery's wife and son are willing to surrender their U.S. passports during the period of time Mr. Montgomery is out of the country.

10. The Montgomery's are also willing to put up their home as security.

11. Mr. Montgomery views the notion that he is a flight risk as an absurd one. He has no intention to flee the country, or to try to avoid prosecution in this matter. He simply wishes to be there with his family at an important time in their collective lives. His father in Macedonia has already passed away, and his mother, as stated above, passed away almost a year ago. He desperately feels the need to be there with the rest of his family at the planned religious cereomony.

WHEREFORE, for the foregoing reasons, as well as for such other reasons as may appear to this Court, defendant prays that his conditions of release be modified to allow him to travel to Macedonia for a period of about ten days to attend the disinterment of his mother's casket, and for a temporary return of one of his passports to allow him to travel to Macedonia from about August 25, 2005 until September 5 or 6, 2005, and for any other relief this Court deems proper.

        Respectfully submitted,

        Stephen F. Brennwald, Esq.
        Brennwald & Robertson, LLP
        922 Pennsylvania Avenue, S.E.
        Washington, D.C. 20003
        (202) 544-1990

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing was sent by ECF, this 9th day of August, 2005, to Heidi Pasichow, U.S. Attorney's Office, 555 4th Street, N.W., Washington, D.C. 20530.

        Stephen F. Brennwald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA           :

   vi.                                              :   Crim. No. 05-248M-01

YURI I. MONTGOMERY                 :

**<u>ORDER</u>**

Upon consideration of Defendant's Motion to Approve Travel, and any opposition thereto, it is, this ___ day of August, 2005, hereby

ORDERED, that the defendant's Motion is hereby GRANTED; it is further

ORDERED, that the United States government shall return the defendant's United States passport to the defendant no later than August 24, 2005, at 5:00 p.m.; it is further

ORDERED, that the defendant shall surrender his United States passport to the United States government within twenty-four hours of returning from his trip to Macedonia to attend a ceremony honoring his late mother; it is further

ORDERED, that the defendant shall be permitted to travel from the United States to Macedonia between August 25, 2005 at the earliest, and shall return to the United States, at the latest, by September 6, 2005.

_____