IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No.: 05-248M-01** |
| v. | : | |
| | : | **Magistrate Judge Kay** |
| **YURI I. MONTGOMERY,** | : | |
| Defendant | : | Status date: October 20, 2005 |

## MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO APPROVE TRAVEL

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this motion in opposition to defendant's motion to approve travel, and in support of this motion, states as follows:

The defendant was charged by a criminal complaint filed on May 4, 2005, with violating the Export Administration Act (EEA), the International Emergency Economic Powers Act (IEEPA). On September 11, 2000, the Department of Commerce issued an Order Denying Export Privileges which denies the defendant export privileges until January 15, 2009, pursuant to his 1999 convictions for violations of the EEA and IEEPA. The instant charge involves a violation of that Order and new violations of the EEA and IEEPA based on his continued exportation of U.S. goods to a family owned and managed business in Macedonia and elsewhere in the world.

On May 9, 2005, a bond hearing was held before Magistrate Judge Benton in the U.S. District Court for the Western District of Washington. The government did not oppose the defendant's release on personal recognizance, based on the imposition of stringent conditions: that the defendant surrender his passports and all travel documents; that he have daily contact with the case agent; and that he maintain his residence and not change it without prior approval from the Pretrial Services Agency (see Attachment A). Magistrate Judge Kay in the District of Columbia

incorporated this prior Order into his May 18, 2005 Order (see Attachment B).  Again, the government did not oppose the defendant's release on personal recognizance because he was willing to abide by stringent conditions regarding his travel and contact with the case agent to ensure his appearance at all court proceedings.  The government is opposed to modifying these orders to permit the defendant to travel to Macedonia.

First, the timing of the defense's motion comes directly after the most recent status hearing on August 4, 2005, where the defense indicated that the defendant was told by his attorney *for the first time* that he would be facing a period of incarceration under the terms of the plea agreement.  This suggests that the defendant now poses a flight risk.  Under the plea agreement proposed by the government and submitted to the defense in writing on August 8, 2005, the defendant faces at least 12 to 18 months imprisonment based on United States Sentencing Guidelines calculations, and knowing this, his first request is to travel outside the United States.

Second, the government strongly objects to the defense's characterization that it is "absurd" to view the defendant as a flight risk.  Although The defendant has resided in the U.S. for more than 20 years, he still has very substantial family and financial ties to Macedonia.  Most of his shipments in violation of U.S. export laws were directed to his family's business, Micei International, located in Skopje, Macedonia.  The fact that the defense has indicated that "his family will be extremely disappointed" if the defendant is unable to travel to Macedonia shows that his ties to Macedonia are not in any way insubstantial.

Third, although Macedonia is bound by a 1902 Extradition Treaty between the United States and Serbia, this does not apply to its own citizens because the Macedonian constitution

prohibits extradition of its nationals. Since the defendant has dual citizenship, should he stay in Macedonia, the United States will be powerless to compel him to return and face these charges.

Finally, with all due respect for the defendant's expression of family unity, his mother's funeral was a year ago. The assertion that his family will be extremely disappointed does not rise to the level of necessity that outweighs the risks involved in permitting his international travel. Curiously, the defense does not represent that the defendant attended his mother's funeral last year. Although the defendant's criminal behavior might now cause him to miss religious ceremonies and family events, his travel to Macedonia is not by any means urgent. Considering the charges he faces, it would create a flight risk and minimize the seriousness of the defendant's criminal behavior and the potential penalties he faces to permit him to attend what is essentially a family reunion in the same country: (1) where most of his illegal exports were destined; (2) while there are charges pending against him in the United States; and (3) to a country where there is no extradition treaty that applies to him.

For these reasons, the government respectfully requests that the Court deny the defense's motion to approve travel.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar #451-058

By: _____
HEIDI M. PASICHOW
Assistant U.S. Attorney
D.C. Bar # 370-686
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20001
202-514-7533
Heidi.Pasichow@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoing document has been faxed and mailed, postage prepaid to counsel for defendant, Stephen F. Brennwald, Esquire, Brennwald & Robertson, LLP, 922 Pennsylvania Ave, SE, Washington, D.C. 20003, on this 12th day of August, 2005.

_____
HEIDI M. PASICHOW, AUSA