UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | MAGISTRATE NO. 05-248-M-01 |
| | : | |
| | : | Violations: |
| | : | 18 U.S.C. § 371 (Conspiracy); |
| YURI I. MONTGOMERY | : | 50 U.S.C. § 1705 (IEEPA); |
| aka Yuri I. Malinkovski | : | 50 U.S.C. App. § 2410(a) (EAA); |
| | : | 15 CFR § 764.2 (EAR). |
| | : | |

## COUNT ONE

### Conspiracy to Make Illegal Exports

Beginning in or about May 2002 and continuing through in or about June 2004, within the District of Columbia, the Republic of Macedonia, and elsewhere, the defendant **YURI I. MONTGOMERY also known as Yuri I. Malinkovski** knowingly and willfully combined, conspired, confederated, and agreed with others known and unknown, to commit offenses against the United States, that is, to knowingly and willfully export items from the United States to Macedonia in violation of a Denial Order issued on September 11, 2000, by the United States Department of Commerce in the District of Columbia, which Order denied export privileges to defendant **YURI I. MONTGOMERY also known as Yuri I. Malinkovski**, and all persons, firms, corporations, or business organizations related to him by affiliation, ownership, control or position of responsibility and which Order further prohibited a person whose identity is known, who had knowledge of the Order, and Micei International**,** and any other person or business, directly or indirectly, from exporting controlled items from the United States in association with defendant **YURI I. MONTGOMERY also known as Yuri I. Malinkovski.**

**The Objects of the Conspiracy**

The objects of the conspiracy were to profit financially and in reputation, to provide items from the United States to Micei International in Macedonia, and to evade and violate the prohibitions in the Denial Order issued to **YURI I. MONTGOMERY, also known as Yuri I. Malinkovsky,** on September 11, 2000, after he was convicted in the United States District Court in the District of Columbia on January 15, 1999, for violations of the International Emergency Economic Powers Act (IEEPA), the Export Administration Act (EAA) and the Export Administration Regulations (EAR).  The EAA and the EAR allow the Department of Commerce to issue a Denial Order which prohibits any person or entity from participating in the export from the United States of any commodities or technology subject to the EAR.  Section 766.25 of the EAR states that an order can be issued against a person or entity that has been convicted of a criminal violation of the EAA.  On September 11, 2000, the Denial Order was issued by the U.S. Department of Commerce, Director of Exporter Services (Attachment A) denying export privileges to **YURI I. MONTGOMERY, also known as Yuri I. Malinkovsky,** until January 15, 2009.  This order prohibits **YURI I. MONTGOMERY also known as Yuri I. Malinkovsky** from participating in any capacity in exports from the United States.  Section 764.3(a)(2) of the EAR permits a person under a denial order to obtain an authorization to export from the Department of Commerce, Office of Exporter Service at the Department of Commerce.

Between about July 2001 and about June 2004, **YURI I. MONTGOMERY also known as Yuri I. Malinkovsky**, acting as the "U.S. representative" for Micei International of Macedonia, with an office located at Mr. Montgomery's residence, 2912 10th Place West,

Seattle, WA, financed and directed sixteen exports and one attempted export from the United States of commodities subject to the EAR. Section 764.3(a)(2) of the EAR permits a person under a denial order to obtain authorization to export from the Department of Commerce, Office of Exporter Service at the Department of Commerce. **YURI I. MONTGOMERY also known as Yuri I. Malinkovsky** had not applied for, nor received, any such authorization.

The goods ranged from the mundane, like tennis shoes, polo shirts, chain link fence parts, to those with military and police applications, like magnum stealth boots, police uniforms, and gun clearing devices. Magnum stealth boots are used by the police and military. Gun clearing devices enables the safe discharge of guns, and is also used by the police and the military. In several of the e-mails sent by **YURI I. MONTGOMERY also known as Yuri I. Malinkovsky** to the suppliers of these goods, he requested that a copy of the invoices for the exports be sent to Micei International's U.S. Operations Office, which he identified as located at the address of his residence.

**Manner and Means Used to Accomplish the Objects of the Conspiracy**

The objects of the conspiracy were to be accomplished through the following manner and means, among others:

1. Defendant **YURI I. MONTGOMERY, also known as Yuri I. Malinkovski,** would receive requests for certain items from a person whose identity is known, who had knowledge of the Denial Order dated September 11, 2000, and Micei International to be exported from the United States to Macedonia for sale in Macedonia;

2. Defendant **YURI I. MONTGOMERY also known as Yuri I. Malinkovski,** on

behalf of and in the name of a person whose identity is known, and Micei International would place orders with vendors in the United States of those items;

3   Defendant **YURI I. MONTGOMERY, also known as Yuri I. Malinkovski,** on behalf of and in the name of a person whose identity is known, and Micei International, would procure the items to be exported from various vendors in the United States;

4.   Defendant **YURI I. MONTGOMERY, also known as Yuri I. Malinkovski**, would pay for the items using his personal credit card and would thereby obtain credit for a "frequent flyer" program related to the purchases on the credit card;

5.   Defendant **YURI I. MONTGOMERY, also known as Yuri I. Malinkovski,** generally would be reimbursed via wire transfers to his personal checking account from A person whose identity is known, and Micei International;

6.   Defendant **YURI I. MONTGOMERY, also known as Yuri I. Malinkovski**, would cause articles to be packaged and prepared for shipping and export from the United States; and

7.   .Defendant **YURI I. MONTGOMERY, also known as Yuri I. Malinkovski**, would not obtain authorization or otherwise seek to obtain permission from the U.S. Department of Commerce in Washington, D.C. for exporting in violation of the Denial Order, any of the shipments of goods from the United States to Macedonia.

**Overt Acts**

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, the defendants committed the following overt acts, among others, within the District of Columbia and elsewhere:

1. On or about May 30, 2002, defendant **YURI I. MONTGOMERY** caused an export control document, that is, an Air WayBill, to be filed in connection with a shipment of miscellaneous electric components from Gall's Incorporated, and caused them to be exported from the United States to Skopje, Macedonia;

2. Between on or about July 11, 2002 and on or about July 12, 2002, defendant **YURI I. MONTGOMERY** prepared two emails for M&M Avionics and sent them to Hi-Tec Sports in connection with a pending shipment of 27 improved magnum stealth side boots from the United States to Micei International in Skopje, Macedonia, and one email was copied to a representative of Micei International;

3. On or about July 12, 2002, defendant **YURI I. MONTGOMERY** purchased 27 improved magnum stealth side boots for Micei International from Hi-Tec Sports, valued at $2,064.00 by using his Visa credit card, caused an export control document, that is, an Air Waybill, to be filed in connection with that shipment, and caused the improved magnum stealth side boots to be exported from the United States to Skopje, Macedonia;

4. On or about January 8, 2003, defendant **YURI I. MONTGOMERY** purchased 50 improved magnum stealth side boots for Micei International from Hi-Tec

Sports for a price of $2,788.63 by using his Visa credit card, caused an export control document, that is, an Air Waybill, to be filed in connection with that shipment, and caused the improved magnum stealth side boots to be exported from the United States to Skopje, Macedonia;

5. Between on or about February 2, 2003 and February 4, 2003 defendant **YURI I. MONTGOMERY** corresponded via e-mail with GST Public Safety in connection with a pending shipment of a sample pant and jacket from the United States to Micei International in Skopje, Macedonia, and most of the emails were copied to representatives of Micei International;

6. On or about February 6, 2003, defendant **YURI I. MONTGOMERY** purchased a sample pant and jacket for Micei International from GST Public Safety, valued at $331.20 by using his Visa credit card, caused an export control document, that is, a Shipper's Letter of Instructions, to be filed in connection with that shipment, and caused the sample pant and jacket to be exported from the United States to Skopje, Macedonia;

7. Between on or about March 4, 2003 and on or about March 10, 2003, defendant **YURI I. MONTGOMERY** corresponded via e-mail with Gall's Incorporated in connection with a pending shipment of 300 hats from the United States to Micei International in Skopje, Macedonia, and most of the emails were copied to representatives of Micei International;

8. On or about March 13, 2003, defendant **YURI I. MONTGOMERY** purchased 300 hats for Micei International from Gall's Incorporated, valued at $1,929.29 by

using his Visa credit card, caused an export control document, that is, an Air WayBill, to be filed in connection with that shipment, and caused the hats to be exported from the United States to Skopje, Macedonia;

9. On or about May 16, 2003, defendant **YURI I. MONTGOMERY** prepared an e-mail and sent it to PVP Communications in connection with a pending shipment of helmets and communications gear from the United States to Micei International;

10. On or about May 29, 2003, defendant **YURI I. MONTGOMERY** purchased helmets and communications gear for Micei International from PVP Communications, valued at $804.00 by using his Visa credit card;

11. Between on or about June 4, 2003 and on or about June 9, 2003, defendant **YURI I. MONTGOMERY** corresponded with Hi-Tec Sports via email in connection with a pending shipment of magnum stealth side boots from the United States to Micei International in Skopje, Macedonia, and most of the emails were copied to representatives of Micei International;

12. On or about July 2, 2003, defendant **YURI I. MONTGOMERY** purchased improved magnum stealth side boots for Micei International from Hi-Tec Sports, for a price of $3,398.78 by using his Visa credit card, caused an export control document, that is, an Air Waybill, to be filed in connection with that shipment, and caused the magnum stealth side boots to be exported from the United States to Skopje, Macedonia;

13. Between on or about July 8, 2003 and on or about July 15, 2003, defendant **YURI I. MONTGOMERY** corresponded with Range Systems, with a copy to representatives of Micei International, via email in connection with a pending shipment of gun clearing devices from the United States to Micei International in Skopje, Macedonia, all the while acting as the U.S. representative of Micei International;

14. On or about July 15, 2003, defendant **YURI I. MONTGOMERY** purchased two gun clearing devices for Micei International from Range Systems, for a price of $1,136.00 by using his Visa credit card, caused an Air Waybill and a bill of lading, both export documents, to be filed in connection with that shipment, and caused the two gun clearing devices to be exported from the United States to Skopje, Macedonia, all the while acting as the U.S. representative of Micei International;

15. On or about August 1, 2003, defendant **YURI I. MONTGOMERY** purchased approximately 135 polo shirts from Save on Promotional Products, Inc. for a price of $1,793.00 by using his Visa credit card, caused an export control document, that is, an Air Waybill to be filed in connection with that shipment, and caused the polo shirts to be exported from the United States to Skopje, Macedonia;

16. On or about August 5, 2003, defendant **YURI I. MONTGOMERY** corresponded with Gall's Incorporated via email in connection with a pending shipment of 9,000 low-cut shoes and 1,800 high-top boots from the United States to Micei International in Skopje, Macedonia, all the while acting as the U.S.

representative of Micei International, and most of the emails were copied to representatives of Micei International;

17. On or about September 5, 2003, defendant **YURI I. MONTGOMERY** purchased 45 oxford athletic shoes and 5 remote strobe tubes for Micei International from Gall's Incorporated by using his Visa credit card, caused an export control document, that is, an Air Waybill to be filed in connection with that shipment, and caused the 45 oxford athletic shoes and 5 remote strobe tubes to be exported from the United States to Skopje, Macedonia, all the while acting as the U.S. representative of Micei International, and most of the emails were copied to representatives of Micei International;

18. On or about September 9, 2003, defendant **YURI I. MONTGOMERY** purchased binders, straps, etc. for Micei International from Maintenance Products, Inc., for a price of $169.05 by using his Visa credit card, caused an export control document, that is, an Air Waybill to be filed in connection with that shipment, and caused the binders, straps, etc. to be exported from the United States to Skopje, Macedonia, all the while acting as the U.S. representative of Micei International;

19. On or about October 8, 2003, defendant **YURI I. MONTGOMERY** purchased uniform pants and shirts for Micei International from Gall's Incorporated by using his Visa credit card; and

20. On June 30, 2004, defendant **YURI I. MONTGOMERY** prepared an e-mail and sent it to Brian Thompson inquiring about the possible shipment of water filters and burners from the United States to Micei International in Skopje, Macedonia.

**(Conspiracy to Export Items from the United States Without a License** in violation of Title 18 United States Code, Section 371, Title 50 United States Code, Section 1705, Title 50 United States Code Appendix, Section 2410(a), and Title 15 Code of Federal Regulations, Sections 674.2(d), and (e) and 764.3(a)(2)).

## COUNT TWO

On or about October 15, 2001, defendant **YURI I. MONTGOMERY also known as Yuri I. Malinkovski**, did cause an export control document, that is, an Air WayBill, to be filed in connection with a shipment for a hydraulic control system without obtaining permission from the Department of Commerce, Office of Exporter Services, in violation of the Order Denying Export Privileges, dated September 11, 2000, from the Director of Exporter Services of the United States Department of Commerce, in Washington, D.C., which order denied export privileges to defendant **YURI I. MONTGOMERY also known as Yuri I. Malinkovski** while on probation, and in violation of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701-06, the Export Administration Act ("EAA"), 50 U.S.C. §§ 2401-2420, and the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730-774.

**(Violating an Order Issued Under the Export Administration Regulations Without a License While On Probation**, in violation of Title 50, United States Code, Section 1705; Title 50 United States Code Appendix, Section 2410(a); and Title 15 Code of Federal Regulations, Sections 764.2(a), (b), (e), (h) and (k) and 764.3(a)(2)).

## COUNT THREE

On or about April 30, 2002, defendant **Yuri I. Montgomery, also known as Yuri I. Malinkovski**, did cause an export control document, that is, an Air WayBill, to be filed in connection with a shipment of electronic components, including A-Tac Tactical Goggles, without obtaining permission from the Department of Commerce, Office of Exporter Services, in violation of the Order Denying Export Privileges, dated September 11, 2000, from the Director of Exporter Services of the United States Department of Commerce, in Washington, D.C., which order denied export privileges to defendant **YURI I. MONTGOMERY also known as Yuri I. Malinkovski**, and in violation of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701-06, the Export Administration Act ("EAA"), 50 U.S.C. §§ 2401-2420, and the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730-774.

**(Violating an Order Issued Under the Export Administration Regulations Without a License**, in violation of Title 50, United States Code, Section 1705; Title 50 United States Code Appendix, Section 2410(a); and Title 15 Code of Federal Regulations, Sections 764.2(a), (b), (e), (h) and (k)).

## COUNT FOUR

On or about July 15, 2003, defendant **YURI I. MONTGOMERY also known as Yuri I. Malinkovski**, purchased two gun clearing devices for Micei International from Range Systems, for a price of $1,136.00 by using his Visa credit card, caused an Air Waybill and a bill of lading, both export documents, to be filed in connection with that shipment, and caused the two clearing devices to be exported from the United States to Skopje, Macedonia, all the while acting as the U.S. representative of Micei International without obtaining permission from the Department of Commerce, Office of Exporter Services, in violation of the Order Denying Export Privileges, dated September 11, 2000, from the Director of Exporter Services of the United

11

States Department of Commerce, in Washington, D.C., which order denied export privileges to defendant **YURI I. MONTGOMERY also known as Yuri I. Malinkovski**, and in violation of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701-06, the Export Administration Act ("EAA"), 50 U.S.C. §§ 2401-2420, and the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730-774.

**(Unlicenced and Unlawful Export**, in violation of Title 50, United States Code, Section 1705; Title 50 United States Code Appendix, Section 2410(a); and Title 15 Code of Federal Regulations, Sections 764.2(a), (b), (e), (h) and (k) and 764.3(a)(2)).

## COUNT FIVE

On or about August 5, 2003, defendant **YURI I. MONTGOMERY also known as Yuri I. Malinkovski**, contacted and coordinated with Gall's Incorporated a shipment of 9,000 low-cut shoes and 1,800 high-top boots from the United States to Micei International in Skopje, Macedonia, all the while acting as the U.S. representative of Micei International without obtaining permission from the Department of Commerce, Office of Exporter Services, in violation of the Order Denying Export Privileges, dated September 11, 2000, from the Director of Exporter Services of the United States Department of Commerce, in Washington, D.C., which order denied export privileges to defendant **YURI I. MONTGOMERY also known as Yuri I. Malinkovski**, and in violation of the International Emergency Economic Powers Act ("IEEPA"),

50 U.S.C. §§ 1701-06, the Export Administration Act ("EAA"), 50 U.S.C. §§ 2401-2420, and the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730-774.

**(Violating an Order Issued Under the Export Administration Regulations**, in violation of Title 50, United States Code, Section 1705; Title 50 United States Code Appendix, Section 2410(a); and Title 15 Code of Federal Regulations, Sections 764.2(a), (b), (e), (h) and (k) and 764.3(a)(2)).

                              KENNETH L. WAINSTEIN
                              United States Attorney

By: _____
      HEIDI M. PASICHOW
      Assistant United States Attorney
      D.C. Bar # 370-686
      555 4th Street, N.W.  Room 4237
      Washington, D.C. 20530
      (202) 514-7533