UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      )
                              )
    v.                        )      Criminal No. 05-443 (RCL)
                              )
YURI MONTGOMERY               )
_____)

**DEFENDANT'S MOTION TO DISMISS THE INFORMATION FOR LACK OF VENUE
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Yuri I. Montgomery, through undersigned counsel, Stephen F. Brennwald, Esq., herein moves this Court for an order dismissing the Information for lack of venue and provides the following memorandum of points and authorities in support thereof.

**I.    VENUE DOES NOT LIE IN THE DISTRICT OF COLUMBIA**

**A.    The Relevant Legal Standard**

The United States Constitution, art. III, sec. 2, provides that criminal trials "...shall be held in the state where the said crimes shall have been committed."  This mandate is reiterated in the Sixth Amendment, which commands that a criminal trial shall be held before an impartial jury of "the State and District wherein the crime shall have been committed", and codified by Federal Rule of Criminal Procedure 18:

> Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed.

"Proper venue in criminal trials is more than just a procedural requirement; it is a safeguard guaranteed twice by the

United States Constitution itself".  United States v. Baxter,
884 F. 2d 734, 736 (3rd Cir. 1989).  Both the Constitution and
the Federal Rules of Criminal Procedure guarantee that a defen-
dant will be tried in the state and district where the charged
offense was allegedly committed.  United States v. Crop Growers
Corp., 954 F. Supp. 335, 352 (D.D.C. 1997).

"Questions of venue in criminal cases are of constitutional
dimension".  United States v. Bezmalinovic, 962 F. Supp. 435,
436 (S.D.N.Y. 1997).  Accordingly, defendants have a constitu-
tional right to be tried in the state and district in which the
crime was committed.  United States v. Hersch, 850 F. Supp. 483,
484 (E.D. Va. 1994).

Moreover, the government bears the burden of proving by a
preponderance of the evidence that venue is proper as to each
count charged against a defendant.  United States v. Lam Kwong-
Wah, 924 F. 2d. 298, 301 (D.C. Cir. 1991); United States v. Co-
rona, 34 F. 3d 876, 879 (9th Cir. 1994); United States v. Beech-
Nut Nutrition Corp., 871 F. 2d 1181, 1188 (2nd Cir. 1989).

Congress often eliminates the problem of determining where
an offense is committed by providing an express venue provision
in conjunction with a criminal statute.  United States v.
Cofield, 11 F. 3d 413, 416 (4th Cir. 1994).  However, where the
statute proscribing the criminal act contains no venue provi-

2

sion[1], the United States Supreme Court has consistently affirmed that venue, that is " 'the locus delicti' [of the charged offense], must be determined from the nature of the crime alleged and the location of the act or acts constituting it."  United States v. Rodriguez-Moreno, 119 S.Ct. 1239, 1243 (1999) (quoting United States v. Cabrales, 524 U.S. 1, 6-7 (1998) quoting United States v. Anderson, 328 U.S. 699, 703 (1946)); United States v. Newsom, 9 F. 3d 337, 338 (4th Cir. 1993).

> In performing this inquiry, a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts.

United States v. Rodriguez-Moreno, supra at 1242-43.  United States v. Morgan, 393 F.3d 192, 195-6 (D.C. Cir. 2004).

The oft-utilized test to determine where a crime occurred for venue purposes has been the "key verb test," articulated by the United States District Court for the District of Columbia in United States v. Crop Growers:

> To determine where a crime was committed, a court must "examine 'the key verbs in the statute defining the criminal offense' to find the scope of the relevant conduct."

954 F. Supp at 352 (Kessler, J)(emphasis added), quoting United States v. Georgacarakos, 988 F. 2d 1289, 1293 (1st Cir. 1993),

---

[1].    Neither 50 U.S.C. §1705 nor 50 U.S.C. App. § 2410(a) contains specific venue provisions.

which in turn quotes United States v. Tedesco, 635 F. 2d 902,
905 (1st Cir. 1980).

Although the Supreme Court affirmed the key verb test's
continuing significance as an interpretative tool, it is not the
sole consideration in identifying the conduct that constitutes
an offense.  Rodriguez-Moreno, supra at 1243.   Through its Rod-
riguez-Moreno and Cabrales decisions, the Supreme Court directs
lower courts to identify the "essential conduct elements" of an
offense and where such conduct occurred in order to determine
venue.  Rodriguez-Moreno, supra at 1243 [concluding that in
§924(c) offense defendant's violent acts are essential conduct
elements], United States v. Cabrales, supra at 10 [essential
conduct element analysis for money laundering offense].  Thus,
in criminal trials "...venue is limited to the place where es-
sential conduct elements [of the offense] occur..." United
States v. Bowens, 224 F.3d 302, 309 (4th Cir. 2000).

**B.    The Offenses Charged**

Defendant Yuri Montgomery is charged as follows:

Count One alleges violations of 18 U.S.C. §371, 50 U.S.C.
§1705, 50 U.S.C. App. § 2410(a), 15 C.F.R. §§674.2(d) and (e)
and 764.3(a)(2), charging that the defendant

"Within the District of Columbia, the Republic of Macedonia
and elsewhere...knowingly and willfully combined, conspired,
confederated and agreed with others known and unknown, ... to

4

knowingly and willfully export items from the United States to
Macedonia in violation of a Denial Order issued September 11,
2000 by the United States Department of Commerce in the District
of Columbia, which order denied export privileges to defen-
dant..."

Counts 2 and 3 allege violations of 50 U.S.C. §1705, 50
U.S.C. App. § 2410(a), 15 C.F.R. §§674.2(a),(b),(e),(h) and (k)
and 764.3(a)(2)[2], charging that the defendant

"...did cause an export control document...to be filed, in
connection with a shipment for a hydraulic control sys-
tem...[and] in connection with a shipment of electronic compo-
nents...without obtaining permission from the Department of Com-
merce...in violation of the Order Denying Export Privileges,
dated September 11, 2000, from the Director of Exporter Services
of the United States Department of Commerce, in Washington, D.C.
which order denied export privileges to defendant..."

Count 4 alleges violations of 50 U.S.C. §1705, 50 U.S.C.
App. § 2410(a), 15 C.F.R. §§674.2(a),(b),(e),(h) and (k) and
§764.3(a)(2) charging that the defendant

"...purchased two gun clearing devices for MICEI Interna-
tional...using his Visa credit card, caused...two export docu-
ments to be filed in connection with that shipment, and caused

---

[2].  Count 3 does not allege a violation of 15 C.F.R.
§764.3(a)(2).

[the items] to be exported from the United States to Skopje, Ma-

cedonia ... without obtaining permission from the Department of

Commerce...in violation of the Order Denying Export Privileges,

dated September 11, 2000, from the Director of Exporter Services

of the United States Department of Commerce, in Washington, D.C.

which order denied export privileges to defendant...″

Count 5 alleges violations of 50 U.S.C. §1705, 50 U.S.C.

App. § 2410(a), 15 C.F.R. §§674.2(a),(b),(e),(h) and (k) and

764.3(a)(2) charging that the defendant

"...contacted and coordinated with Gall's Incorporated a

shipment of...shoes...and boots from the United States to MICEI

International in Skopje, Macedonia...in violation of the Order

Denying Export Privileges, dated September 11, 2000, from the

Director of Exporter Services of the United States Department of

Commerce, in Washington, D.C. which order denied export privi-

leges to defendant...″

In sum, Yuri Montgomery is charged with conspiracy to vio-

late, and four substantive offenses of, violating a denial order

issued under the IEEPA and EAR.[3]

---

3.   The information is rife with inflammatory and plainly
inaccurate language characterizing the offenses charged.  It
portrays the conspiracy as one to make "illegal exports", and
depicts the substantive offenses as alternately "exporting...
without a license", "violating an order... without a license",
and "unlicensed and unlawful export".  (Information pp. 1,11,12,
13).  However, nowhere is it alleged that any of the merchandise
at issue required an export license or that its export was in

C.    **Venue Analysis**

Whether this Court engages in a "key verbs test" analysis
or an "essential conduct elements" analysis is of no moment in
this case.  As will be demonstrated below, venue does not lie in
the District of Columbia because neither this defendant nor any
alleged co-conspirator undertook any conduct whatsoever, be it
verb or essential conduct element, in or anywhere near the Dis-
trict of Columbia.

As the Supreme Court has instructed, this Court must deter-
mine: (1) the nature of the crimes of conspiring to knowingly
and willfully violate a denial order and knowingly and willfully
violating a denial order (the conduct constituting the offenses)
and (2) the location of that criminal conduct.  Rodriguez-
Moreno, supra at 1243, Cabrales, supra at 10, and Bowens, supra
at 309.

The venue analysis in this case is straightforward, as the
conduct constituting the offenses of conspiring[4] to knowingly and

---

any way independently unlawful.  In fact, other than the par-
ticipation of a person - this defendant - allegedly violating
his denial order, there is and was nothing illegal about any of
these transactions and shipments.
    [4].    The crime of conspiracy consists of five elements. There
must be an agreement, the purpose of that agreement must be to
break the law, there must be an overt act, the purpose of the act
must be to further the conspiracy, and the defendant on trial must
have entered conspiracy willfully.  18 U.S.C. §371. See, United
States v. Lukens, 114 F.3d 1220 (DC Cir. 1997), United States v.
Wynn, 61 F.3d 921 (DC Cir. 1995, United States v. Dean, 55 F.3d 640
(D.C. Cir. 1995).  Defendant proffers a single essential conduct

willfully violate a denial order and knowingly and willfully

violating a denial order consists generally of engaging in con-

duct or conspiring to engage in conduct prohibited by the order.

50 U.S.C. §1705, 50 U.S.C. App. 2410(a), 15 C.F.R. §764.2(d).

The range of proscribed conduct includes: financing, forwarding,

ordering, buying, concealing, etc., any item exported or to be

exported with knowledge that a violation of a denial order has

occurred (15 C.F.R. §764.2(e)), engaging in any action with in-

tent to evade a denial order (15 C.F.R. §764.2(h)), and taking

action that is prohibited by a denial order (15 C.F.R.

§764.2(k)).

The location of all conduct undertaken by any defendant

which the government alleges violated the denial order occurred

outside of the District of Columbia.  Not one single act that is

alleged to have been committed by this defendant or any known or

unknown co-conspirator is alleged to have occurred in the Dis-

trict of Columbia.

Instead, the single act, which the government alleges oc-

curred in the District of Columbia, is the issuance of the de-

nial order itself.[5]  However, it is clear that in assessing

---

element analysis herein as the illegal purpose of the conspiracy
alleged is to violate the denial order via the same or similar con-
duct contained in the substantive violations alleged in Counts 2-5.

[5].  Defendant acknowledges that the information twice con-
tains the blanket allegation in Count 1 that the conspiracy took

venue, *the conduct constituting the offense is the conduct un-dertaken by the defendant*, not the conduct undertaken by a governmental agency.  Rodriguez-Moreno, supra at 1243, Cabrales, supra at 10, and Bowens, supra at 309.  The location of the denial order's issuance is as relevant in the venue analysis as the location of a statute's legislative enactment - not at all.

It is unambiguous that the conduct constituting the offense of conspiring to violate and violating the denial order is the defendant's engagement or participation in export transactions. It is equally clear that the conduct alleged to have been undertaken by this defendant as well as any co-conspirators in violating the denial order is not alleged to have occurred, and in fact did not occur, in the District of Columbia.

---

place "within the District of Columbia" and elsewhere.  This language leaves the unfortunate misimpression that conspiratorial acts were undertaken by the alleged co-conspirators in the District of Columbia.  However, there is not one shipment, not one document, not one conversation, not one act of this defendant nor any other alleged co-conspirator that the government even intimates occurred in the District of Columbia.  Instead, the only act, to counsel's knowledge, which is alleged to have occurred in the District of Columbia, is the issuance of the denial order.

Where, as here the facts underlying the offenses charged are not at issue, as the only act which occurred in the District of Columbia was the issuance of the denial order by a governmental agency, it is appropriate for this Court to pierce the pleadings and render a venue determination.  United States v. Crop Growers, supra at 352, United States v. Anderson, supra at 703.

Accordingly, venue simply does not lie in the District of Columbia and this Information should be dismissed.

Respectfully submitted:

Brennwald & Robertson

_____

Stephen F. Brennwald, Esq.
Brennwald & Robertson, LLP
922 Pennsylvania Ave. S.E.
Washington, D.C. 20003
(202) 544-1990
Attorney for Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent by ECF, this 25th day of January, 2006, to Heidi Pasichow, U.S. Attorney's Office, 555 4th Street, N.W., Washington, D.C.  20530.

_____
Stephen F. Brennwald

10

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA        )
                                )
     v.                         )       Criminal No. 05-443(RCL)
                                )
YURI MONTGOMERY                 )
_____ )
```

## ORDER

Upon consideration of Defendant's Motion to Dismiss the Information for Lack of Venue

and Memorandum of Points and Authorities in Support Thereof, and any opposition thereto, it is,

this     day of                  , 2006, hereby

ORDERED, that Defendant's Motion is GRANTED.


_____
Royce C. Lamberth
United States District Court
for the District of Columbia

11