UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

```
UNITED STATES OF AMERICA     )
                             )
     v.                      )    Criminal No. 05-443 (RCL)
                             )
YURI MONTGOMERY              )
_____)
```

**DEFENDANT'S POST-HEARING SUPPLEMENTAL ARGUMENT**

Defendant Yuri I. Montgomery, through undersigned counsel, Stephen F. Brennwald, hereby supplements the arguments he made at the hearing of this matter on March 31, 2006 as follows:

At the hearing of this matter, as well as in its opposition to defendant's motion to dismiss the information, the government argued that because Mr. Montgomery was subject to a denial order, prohibiting him from engaging in any export activities, "any export from the United States that he made was unlawful ***unless he first sought and obtained prior approval from the Department of Commerce***." Gov't Mot. at 2 (emphasis added).

The government further argued that because the Department of Commerce is located in the District of Columbia, venue lies in this District.

Mr. Montgomery argued that he was not charged with exporting any items from the United States, but with violating the denial order. He further pointed out that – unlike in

export offenses - his failure to apply for a license to export items is **not** an element of any offense with which he is charged.

After the hearing, and upon further review of the denial order, defense counsel noticed that the denial order **specifically prohibits** the defendant from "[a]pplying for . . . any license, License Exception, or export control document." Denial Order, at p. 3, Part I A.

This makes it clear that Mr. Montgomery's "failure to apply for a license to export" could not be an element of any offense with which he is charged, as his mere application for such a license would violate his denial order.

Thus, the government's argument, which was already without merit given a review of the key elements of the offenses with which Mr. Montgomery is charged, is rendered completely untenable, as it would criminalize Mr. Montgomery's "failure to apply for an export license" when that "failure to apply" was **required** by the denial order.

Again, it is important to remember that Mr. Montgomery was not charged specifically with illegal exporting, but with violating an order that prohibited him from engaging in a whole host of conduct, including exporting items from the United

States (and from applying for a license to export items from the United States).[1]

Mr. Montgomery feels compelled to file this post-hearing supplemental argument because the specifics of the denial order – including its prohibition against Mr. Montgomery's seeking permission to export – were not discussed at the hearing on his motion to dismiss, yet are relevant to a determination of this motion.

Because, under the denial order, Mr. Montgomery was specifically prohibited from applying for a license to export, his failure to do so (in keeping with the order) cannot constitute the basis for a prosecution on the theory that he was required to apply for an export license (i.e., that he was **required** to violate the order). And because his failure to

---

[1] The reasons presented by Mr. Montgomery in his earlier filings, explaining why venue does not lie in this district, still apply. To summarize them again here, they are:

First, the government has not charged Mr. Montgomery with making illegal exports. The information simply alleges violations of 50 U.S.C. §§ 1705 & 2410(a), through 15 C.F.R. §§ 764.2 and 764.3. Nowhere does the government allege that any item allegedly exported in violation of the denial order was a "prohibited" item, such that a license was required. Nowhere does the government allege that the country to which the items were allegedly exported was subject to export controls. And nowhere in the government's filing is there an allegation that any exports violated any of the relevant illegal exporting statutes. See, e.g., 22 U.S.C. §§ 2778, 2280, 15 C.F.R. §§ 772.1(b), 785.4(f), 787.1(a)(1) and 787.5(a)(1)(ii), 22 C.F.R. §§ 121.1(a)(1), 127.2 and 127.3.

Second, a review of the statutes under which Mr. Montgomery charged reveals that they do not require any underlying offense of illegal exporting activity as an element of a violation of a denial order.

Third, even if this court were to construe an uncharged offense (illegal exporting) as an underlying offense of violation of the denial order, counsel has found no cases that confer venue in a district where a license to export was to have been obtained.

apply for a license is not an element of any crime with which he was charged, venue does not lie in the District of Columbia, and this Information should be dismissed.[2]

                              Respectfully submitted:

                              Brennwald & Robertson, by:

                              _____
                              Stephen F. Brennwald, Esq.
                              Brennwald & Robertson, LLP
                              922 Pennsylvania Ave. S.E.
                              Washington, D.C. 20003
                              (202) 544-1990
                              Attorney for Defendant

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing was sent by ECF, this 25th day of April, 2006, to Assistant U.S. Attorney Heidi Pasichow and Assistant U.S. Attorney Jay Bratt, U.S. Attorney's Office, 555 4th Street, N.W., Washington, D.C. 20530.

                              _____
                              Stephen F. Brennwald

---

[2] The denial order did allow Mr. Montgomery to appeal the government's decision to issue a denial order. Mr. Montgomery did appeal, to no avail.