UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 05-443 (RCL) |
| | : | |
| v. | : | |
| | : | |
| **Yuri Montgomery,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MEMORANDUM IN OPPOSITION TO MOTION TO CLARIFY DEFENDANT'S ARGUMENT REGARDING VENUE[1]

Defendant Yuri Montgomery's "Post-Hearing Supplemental Argument" is based on a straw-man – *viz*., Montgomery's assertion that the government has claimed that his "'failure to apply for a license to export'" is an element of the offenses charged in the information. That is incorrect. It is <u>not</u> the government's position that Montgomery had a legal obligation to obtain a license for any of the exports underlying the five counts in the information. Thus, Montgomery's contention (Motion to Clarify at 2-4) that, because the Denial Order barred him from applying for such licenses, he cannot be charged with having exported without a license is beside the point.[2]

However, even though Montgomery did not have to obtain a license for the exports at issue here, he still needed to obtain permission from the Department of Commerce before making those experts. Stated differently, because of the Denial Order, the only way in which

---

[1] The docket entry for the pleading to which the government is responding is titled "Motion to Clarify Defendant's Argument Regarding Venue." See Document 19. However, the pleading itself is styled "Defendant's Post-Hearing Supplemental Argument." For ease of electronic case filing, the government is using the document name that appears on the docket entry for purposes of styling its pleading.

[2] As Montgomery notes later in the same pleading, none of the exports referenced in the information was for commodities or to destinations for which the Department of Commerce requires an export license. See Motion to Clarify at 3 n.1. This is not a licensing case.

these exports ever could be lawful would be if Montgomery had first sought and received permission from the Department of Commerce in the District of Columbia.[3]  See 15 C.F.R. § 764.3(a)(2).  He never did so.

    Montgomery's failure to secure permission from the Department of Commerce for any export here is as much an element of his crime as his failure to obtain a license would be an element of the offense in a case involving exports of goods that required licenses.  While Montgomery tries to style his offenses as mere denial order violations (Motion to Clarify at 2), the gravamen of his crimes is that he made illegal exports.  Venue is proper in the District of Columbia in an illegal export prosecution involving unlicensed shipments overseas.  For the same reasons, venue is proper here in a case involving unauthorized exports that a defendant made in violation of a denial order.

---

    [3]  In his reply brief, Montgomery argued that, because the Office of Exporter Services, which would be the body within the Department of Commerce that would approve a denied party's exports, has branches outside the District of Columbia, there is no guarantee that the decision granting permission to export would be made here.  However, according to the Department of Commerce, any waiver of the Denial Order's restrictions would be made in Washington, D.C.

**Conclusion**

For the foregoing reasons, the Court should deny Montgomery's motion to dismiss the information on venue grounds.

    Respectfully submitted,

    KENNETH L. WAINSTEIN
    United States Attorney
    D.C. Bar Number 451058


    _____/s/_____
    JAY I. BRATT
    Assistant United States Attorney
    Illinois Bar No. 6187361
    National Security Section, Room 11-437
    555 4th Street, NW
    Washington, D.C. 20530
    (202) 353-3602
    jay.bratt@usdoj.gov

**Certificate of Service**

    I, Jay I. Bratt, certify that I served a copy of the foregoing Government's Memorandum in Opposition to Motion to Clarify Defendant's Argument Regarding Venue on counsel for defendant by electronic means this 8th day of May, 2006.

                                                    /s/

                                             Jay I. Bratt