UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :

    v.                                                    :  Crim. No. 05-443(RCL)

YURI I. MONTGOMERY                  :

**<u>EMERGENCY MOTION TO ALLOW DEFENDANT TO TRAVEL</u>**

    COMES NOW Yuri I. Montgomery, through undersigned counsel, Stephen F. Brennwald, and in support of his Emergency Motion to Allow Defendant to Travel, states as follows:

    1.  Defendant is charged with violating an order issued by the Department of Commerce denying him export privileges.

    2.  The defendant seeks permission to travel to Macedonia in order to attend a memorial for his mother which will take place the weekend of September 9 and 10.

    3.  In addition, Defendant submits that there are several witnesses in Macedonia he may wish call at trial.  He would like to have the opportunity to speak with them to determine whether they should be called to testify.

    4.  Mr. Montgomery has already missed his mother's casket-raising ceremony, which was held last year in Macedonia.  He was deeply hurt that he could not be there for that service, and does not wish to miss yet another important marker in his family's remembrance of his mother.

    5.  The defendant was required to surrender his passport when he was arrested in this case over a year ago.  In fact, the defendant surrendered both his Macedonian passport and his United States passport.

6. In order to travel to Macedonia, he would need to have one of those passports returned to him for a period of two weeks or less.

7. As noted in defendant's earlier motion to travel to his mother's casket-raising ceremony, Mr. Montgomery has very significant and binding ties to this country. First, he is a U.S. citizen who has lived in this country for the last twenty-five years of his life. Second, his wife and child live here with him. He has been married to his American bride for over two decades. Third, while the charge the defendant is facing technically carries up to ten years in prison, in reality, the guideline range is much lower, on the order of twelve to eighteen months. There is, therefore, no incentive for Mr. Montgomery to flee this jurisdiction. In addition, Mr. Montgomery's wife is an SES-level United States government official with the EPA. His son will be attending college this fall.

8. The risk of flight in this case, practically speaking, is non-existent.

9. Mr. Montgomery's wife and son are also willing to surrender their U.S. passports during the period of time Mr. Montgomery is out of the country.

10. The Montgomery's are also willing to put up their home as security.

11. Moreover, when he was apprised of his alleged violation of the export restrictions, Mr. Montgomery cooperated with agents by turning over all files he possessed on the matter to the government. In addition, he spoke with agents, traveled to Washington, D.C. to answer all of their questions, and obtained additional documents they had requested.

12. Mr. Montgomery views the notion that he could be a flight risk as an incomprehensible conclusion, given the foregoing information. He has no intention to

flee the country, or to try to avoid prosecution in this matter. He simply wishes to be there with his family at an important time in their collective lives.

13. As further noted in Mr. Montgomery's initial request (last year) to travel to his mother's casket-raising ceremony, his father in Macedonia has already passed away, and his mother, as stated above, passed away about two years ago. He desperately feels the need to be there with the rest of his family.

14. Mr. Montgomery expects the government to object to this request, as they did the last time he asked for permission to travel. However, at the last telephone conference/status hearing on the first travel motion in 2004, the Assistant U.S. Attorney stated that it would not be proper to allow Mr. Montgomery to travel to Macedonia because the United States has no diplomatic ties to, or extradition treaties with, Macedonia.

Whether or not this was true in 2005, the United States does have diplomatic ties with Macedonia today. In addition, Macedonia is not considered by the international community as a "lawless" country.[1]

---

[1] The Internet encyclopedia "Wikipedia" states the following with respect to Macedonia's Foreign Relations and Diplomatic Representation with other countries of the world:

**Foreign Relations:**

The Republic of Macedonia is a member of a number of international organisations such as the United Nations, Organisation for Security and Cooperation in Europe Council of Europe, associate member of La Francophonie, World Trade Organization (WTO) etc. It is seeking to join NATO and the European Union , although its accession to either is unlikely to occur before 2008 and 2012, respectively. In December 2005, the leaders of the EU formally named it as a candidate country but did not set a date for starting entry talks.

**Diplomatic Representation:**

Macedonia is represented abroad by embassies in the following countries: Albania, Australia, Austria, Belgium, Bosnia and Herzegovina, Bulgaria, Canada, Croatia, Denmark, Egypt, France, Germany, Greece, Hungary, Italy, the Netherlands, People's Republic of China, Poland, Qatar, Romania, Russia, Serbia, Slovenia, Spain, Sweden, Switzerland, Turkey, Ukraine, United Kingdom, United States, and the Vatican.

15.  Mr. Montgomery would also like to note that Macedonia is one of just a few countries (relatively speaking) that sent troops to fight in Iraq, alongside U.S. soldiers. This further demonstrates that country's engagement in the world-wide community of law-abiding countries (depending on one's political persuasions, or course).

16.  Finally, Mr. Montgomery has faithfully checked in with the supervising case agent, Dave Poole, every single day since he was released on bond.  This demonstrates his ability to abide by conditions set by this Court.

WHEREFORE, for the foregoing reasons, as well as for such other reasons as may appear to this Court, defendant prays that his conditions of release be modified to allow him to travel to Macedonia for a period of about two weeks to attend the family's scheduled ceremony, and for a temporary return of one of his passports to allow him to travel to Macedonia from about September 7, 2006 until September 21, 2006, and for any other relief this Court deems proper.

Respectfully submitted,

Stephen  F. Brennwald, Esq.
Brennwald & Robertson, LLP
922 Pennsylvania Avenue, S.E.
Washington, D.C. 20003
(202) 544-1990

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent by ECF, this 1st day of September, 2006, to Jay Bratt, U.S. Attorney's Office, 555 4th Street, N.W., Washington, D.C.  20530.

Stephen F. Brennwald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA        :

   vi.                                                              :  Crim. No. 05-443 (RCL)

YURI I. MONTGOMERY                     :

### ORDER

Upon consideration of Defendant's Motion to Approve Travel, and any opposition thereto, it is, this ___ day of September, 2006, hereby

ORDERED, that the defendant's Motion is hereby GRANTED; it is further

ORDERED, that the United States government shall return the defendant's United States passport to the defendant no later than September 7, 2006, at 5:00 p.m.; it is further

ORDERED, that the defendant shall surrender his United States passport to the United States government within twenty-four hours of returning from his trip to Macedonia, which shall occur no later than September 21, 2006, at 5:00 p.m.; it is further

ORDERED, that the defendant shall be permitted to travel from the United States to Macedonia between September 7, 2006 at the earliest, and shall return to the United States, at the latest, by September 21, 2006.

 

_____
Royce C. Lamberth
United States District Judge