UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 05-443 (RCL)** |
| | : | |
| v. | : | |
| | : | |
| **Yuri Montgomery,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S EMERGENCY MOTION TO MODIFY TRAVEL SCHEDULE

The government defers to the Court on the question of how to handle the defendant's failure to comply with the order permitting him to travel to Macedonia. The government is <u>not</u> advocating that the Court institute contempt proceedings or that it issue a warrant for Montgomery's arrest upon his return to the United States.

The government does believe that Montgomery's behavior in this instance stands as strong proof why the Court should not extend him any special dispensations in the future.[1] Montgomery knew before he left that he would not be able to return to the country before the deadline in the order. In deference to the Court, he should have sought permission for the later date before getting on a plane.

Montgomery's unilateral decision not to comply with the Court's order is typical of him. He has violated the Department of Commerce's administrative order banning him for engaging in exports. Some of his illegal shipments occurred while he was still on probation before this

---

[1] The government would have filed an opposition to the original motion for permission to travel; however, government counsel fell ill over the Labor Day weekend after receiving the motion and was out of the office on Tuesday, September 5. The government understands why, given the short period of time it had to rule on Montgomery's original motion, the Court issued its order before receiving a response from the government.

Court. When agents searched his home in connection with this investigation, they found a firearm and ammunition in his work area. Contrary to the representation in Montgomery's emergency motion, he has not remained in daily contact with Special Agent Poole, as he is required to do.[2]

As the Court is aware, Montgomery has filed an interlocutory appeal of the Court's denial of his motion to dismiss the case on venue grounds. The government has filed a motion with the D.C. Circuit seeking to dismiss the appeal. The government fully expects the D.C. Circuit to grant the motion. Upon return of the case to this Court, the government intends to indict Montgomery promptly. He will continue to be subject to the Court's supervision. The Court should hesitate before again easing any of Montgomery's conditions of release.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney
        D.C. Bar Number 451058


        _____/s/_____
        JAY I. BRATT
        Assistant United States Attorney
        Illinois Bar No. 6187361
        National Security Section, Room 11-437
        555 4th Street, NW
        Washington, D.C. 20530
        (202) 353-3602
        jay.bratt@usdoj.gov

---

[2] For a period of time a few months ago, Montgomery would call Special Agent Poole in the wee hours of the morning.

**Certificate of Service**

    I, Jay I. Bratt, certify that I served a copy of the foregoing Government's Response to Defendant's Emergency Motion to Modify Travel Schedule on counsel for defendant by electronic means this 21st day of September, 2006.

                                                                   /s/
                                                    Jay I. Bratt